UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
WENDY DAVIS, Individually and Administratrix :
of the Estate of KEVIN DAVIS, dec'd, and          **ANSWER TO COMPLAINT**
KEVEN DAVID JR. DAVIS, ANAY ADORNO        :
DAVIS, and RANDI DAVIS, Children of the          **JURY TRIAL DEMANDED**
Decedent,
                                         :        07CV7309(CM)(AJP)
                Plaintiffs,                              ECF
       -against-                         :

Commissioner of the New York State Department of :
Correctional Services ("DOCS") **GLENN S. GOORD**,
Deputy Commissioner and Chief Medical Officer    :
of DOCS **LESTER WRIGHT**, Associate
Commissioner Division of Forensic Services of the :
New York State Office Of Mental Health ("OMH")
**RICHARD MIRAGLIA**, Superintendent of          :
Downstate Correctional Facility **PAUL ANNETTS**,
DOCS Medical Director at Downstate CF            :
**MAR1O MALVAROSA**, Downstate Correctional
Facility OMH Unit Chief **MICHAEL HILL**,        :
**DANIEL MEYERHOFF, DR. SHAIM PATIL,**
**DR. ROBERT BAKALL** and **JOHN/JANE**          :
**DOES 1-4,**
                Defendants.
------------------------------------X

      Defendants[1], Glenn S. Goord, Lester Wright, M.D., Richard Miraglia, Paul Annetts, Mario Marvarosa, M.D.. Michael Hill, Daniel Meyerhoff, [2] and Dr. Robert Bakall, by their attorney, Andrew M. Cuomo, Attorney General of the State of New York, deny all allegations

---

   [1]   Defendants identified in the Complaint as "John/Jane Does 1-4" are not represented by the Office of the Attorney General of the State of New York ("OAG"). Defendant identified in the caption as "Dr. Shaim Patil" has not been served with the complaint and is not represented by the OAG as of this date.

   [2]   Defendant Daniel Meyerhoff was employed by DOCS during the year 2004. A proposed Stipulation of Dismissal With Prejudice as to defendant Meyerhoff was submitted to counsel for signature. Because the signed stipulation has not been received by the OAG. as of this date, this Answer addresses the allegations against defendant Meyerhoff.

not expressly and specifically admitted and answer the Complaint as follows:

1. Deny the allegations in paragraphs 1 and 2, except admit that plaintiff committed suicide on August 19, 2004 while incarcerated at Downstate Correctional Facility ("Downstate") which is a facility operated by the New York State Department of Correctional Services ("DOCS").

2. Answering the paragraphs 3, 4, 5 and 16, admit that Downstate is in the Southern District of New York and that plaintiff purports to invoke the jurisdiction of this Court and admits that plaintiff purports to bring this action pursuant to the cited provisions of law, and denies that there is any basis for such action and deny any alleged wrong-doing.

3. Answering the allegations in paragraph 6, defendant Glenn S. Goord admits that at the time relevant to the complaint he was Commissioner of DOCS and further states that he retired from DOCS on August 30, 2006.

4. Defendant Lester Wright, M.D. admits the allegations in paragraph 7 of the complaint.

5. Defendant Richard Miraglia. admits the allegations in paragraph 8 of the complaint.

6. Answering paragraphs 9-13 and 15 as to defendant Meyerhoff only, 41 and 47, these paragraphs allege conclusions of law to which no response is required. To the extent a response is required, answering defendants admit that they occupied the positions alleged with such and only such duties and responsibilities incumbent to those positions, except that defendant Hill denies that he was OMH Unit Chief at Downstate and states that at the time relevant to the allegations in the complaint he was employed by the New York State Office of Mental Health ("OMH") as Associate director of Operations for Central New York Psychiatric Center ("CNYPC") in Marcy, New York, otherwise deny.

7. Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14, 15 (as to defendant "Does"), 18-23, 25 and 26.

8  Defendants admit the allegations in paragraph 17.

9  Defendants deny the allegations in paragraphs 24, 27-40, 42-46, 48-56.

10. With respect to the "Wherefore" clause of the Complaint, no response is required. To the extent a response is required, defendants deny that plaintiffs are entitled to any relief.

## DEFENSES

### FIRST DEFENSE

11. The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

12. Defendants acted under the objectively reasonable belief that their acts were proper and in accord with clearly established law, and therefore, to the extent sued for damages in their individual capacities they are entitled to qualified immunity.

### THIRD DEFENSE

13. The alleged injuries sustained by plaintiffs in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct these defendants are not responsible.

14. Defendants have no personal involvement in this matter since they do not and did not have the authority to give the plaintiffs the relief they sought in the complaint.

15. Plaintiffs cannot recover damages against individual supervisory defendants based upon the legal theory of <u>respondeat superior</u>.

16. Plaintiffs have failed to state a claim against defendants by failing to allege with specificity each Defendant's personal involvement in the alleged acts.

17. Defendants, in whole or in part, had no personal involvement in the events which are alleged to have caused plaintiffs' injuries.

**FOURTH DEFENSE**

18. Plaintiffs' claims against defendants in their official capacities are barred by operation of the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity.

**FIFTH DEFENSE**

19. Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failures to satisfy jurisdictional or administrative prerequisites and/or failure to exhaust administrative remedies.

**SIXTH DEFENSE**

20. The injury suffered in this matter by the plaintiffs are solely and exclusively the product of their own or decedent's action.

**SEVENTH DEFENSE**

21. The alleged conduct was properly within the discretionary authority committed to defendants to perform their official functions, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

**EIGHTH DEFENSE**

22. This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the federal claims do not rise to a constitutional level and this

Court cannot exercise jurisdiction over the state law claims.

## NINTH DEFENSE

23. Plaintiffs cannot demonstrate physical injuries which would entitle them to monetary damages pursuant to 42 U.S.C. § 1997e(e).

## TENTH DEFENSE

24. Plaintiffs' claims may be barred, in whole or in part, by the relevant statute of limitations and/or the doctrine of res judicata or collateral estoppel, or alternatively the court should refrain from exercising jurisdiction pursuant to the abstention doctrines set forth in the case law of the United States Supreme Court.

## ELEVENTH DEFENSE

25. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH DEFENSE

26. Plaintiff's claims are barred, in whole or in part, because plaintiffs lack standing to maintain derivative claims under Section 1983 arising out of the death of decedent, Kevin Davis.

**WHEREFORE**, defendants respectfully requests dismissal of the Complaint in its entirety, together with costs and any other relief which the Court deems to be just and proper.

Dated: New York, New York
        March 5, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the
  State of New York
<u>Attorney for Defendants</u>
By:

_____/s/_____
DONALD NOWVE
Assistant Attorney General
120 Broadway
New York, New York 10271
    (212) 416-8227


To: Edward W. Miller, Esq.
    <u>Attorney for Plaintiffs</u>
    575 Lexington Avenue, Suite 2840
    New York, New York   10022
    (212) 758-1625

## DECLARATION OF SERVICE

DONALD NOWVE, pursuant to 28 U.S.C. § 1746, declares under perjury as follows: that on March 5, 2008   I caused to be served one copy of the annexed Answer to Complaint upon the following person:

> Edward W. Miller, Esq.
> <u>Attorney for Plaintiffs</u>
> 575 Lexington Avenue, Suite 2840
> New York, New York   10022
> (212) 758-1625

by depositing the document in a sealed, properly addressed envelope, with postage prepaid, in an official depository of the United States Postal Service within the State of New York.

Executed on March 5, 2008

_____/s/_____
DONALD NOWVE