UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| WENDY DAVIS, Individually and Administratrix : <br> of the Estate of KEVIN DAVIS, dec'd, and <br> KEVEN DAVID JR. DAVIS, ANAY ADORNO : <br> DAVIS, and RANDI DAVIS, Children of the <br> Decedent, | **ANSWER BY DEFENDANT SHYAM  PATIL, M.D. TO COMPLAINT** |

                       :          **JURY TRIAL DEMANDED**

                     Plaintiffs,      :         07CV7309(CM)(AJP)

            -against-           :             ECF

Commissioner of the New York State Department of  :
Correctional Services ("DOCS") **GLENN S. GOORD**,
Deputy Commissioner and Chief Medical Officer        :
of DOCS **LESTER WRIGHT**, Associate
Commissioner Division of Forensic Services of the    :
New York State Office Of Mental Health ("OMH")
**RICHARD MIRAGLIA**, Superintendent of             :
Downstate Correctional Facility **PAUL ANNETTS**,
DOCS Medical Director at Downstate CF                 :
**MAR1O MALVAROSA**, Downstate Correctional
Facility OMH Unit Chief **MICHAEL HILL**,            :
**DANIEL MEYERHOFF, DR. SHAIM PATIL,
DR. ROBERT BAKALL** and **JOHN/JANE**               :
**DOES 1-4,**

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

         Defendant, Shyam Patil, M.D., s/h/a Dr. Shaim Patil,[1] by his attorney, Andrew M.

Cuomo, Attorney General of the State of New York, denies all allegations not expressly and

specifically admitted  and  answers the Complaint  as follows:[2]

---

    [1]   Dr. Patil retired from the New York State Department of Correctional Services
("DOCS") in May, 2006.

    [2]   A separate Answer was served and filed on behalf of co-defendants Glenn S. Goord ,
Lester Wright, M.D., Richard Miraglia, Paul Annetts, Mario Marvarosa, M.D., Michael Hill,
Daniel Meyerhoff,  and Dr. Robert Bakall. Defendants identified in the Complaint as "John/Jane
Does 1-4" are not represented by the Office of the Attorney General of the State of New York
("OAG").

1.  Denies the allegations in paragraphs 1 and 2,  except admits  that plaintiff committed suicide on August 19, 2004 while incarcerated at Downstate Correctional Facility ("Downstate") which is a facility operated by the New York State Department of Correctional Services ("DOCS").

2.  Answering the  paragraphs 3, 4, 5 and 16, admits that Downstate is in the Southern District of New York and that  plaintiffs purports to invoke the jurisdiction of this Court and admits that plaintiffs purport to bring this action pursuant to the cited provisions of law, and denies that there is any basis for such action and deny any alleged wrong-doing.

3.  Answering the allegations in paragraph 6, defendant  admits that at the time relevant to the complaint, co-defendant Glenn S. Goord was Commissioner of DOCS and further states that Goord retired from DOCS on August 30, 2006.

4.  Defendant  admits the allegations in paragraphs 7, 8,  and 17 of the complaint.

5.  In response to paragraphs 9-12, 13 and 15 (as to co-defendant Meyerhoff only), 41 and 47, these paragraphs allege conclusions of law to which no response is required. To the extent a response is required, answering defendant admits that co-defendants and he occupied the positions alleged with such and only such duties and responsibilities incumbent to those positions, and further states that at the time relevant to the allegations in the complaint defendant Hill was employed by the New York State Office of Mental Health ("OMH") as Associate director of Operations for Central New York Psychiatric Center ("CNYPC") in Marcy, New York, otherwise deny.

6. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14, 15 (as to defendant "Does"), 18-23, 25 and 26.

7. Defendant denies the allegations in paragraphs 24, 27-40, 42-46, 48-56.

8. With respect to the "Wherefore" clauses of the Complaint, no response is required. To the extent a response is required, defendant denies that plaintiffs are entitled to any relief.

## DEFENSES

### FIRST DEFENSE

9. The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

10. Defendant acted under the objectively reasonable belief that his acts were proper and in accord with the law, and therefore, to the extent sued for damages in his individual capacities he is entitled to qualified immunity.

### THIRD DEFENSE

11. The alleged injuries sustained by plaintiffs in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct this defendant is not responsible.

12. Defendant has no personal involvement in this matter since he does not and did not have the authority to give the plaintiffs the relief they sought in the complaint.

13. Plaintiffs cannot recover damages against individual supervisory defendants based upon the legal theory of respondeat superior.

14. Plaintiffs have failed to state a claim against defendant by failing to allege with specificity each Defendant's personal involvement in the alleged acts.

3

15.     Defendant, in whole or in part, had no personal involvement in the events which are alleged to have caused plaintiffs' injuries.

## FOURTH DEFENSE

16.     Plaintiffs' claims against defendant in his official capacity are barred by operation of the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity.

## FIFTH DEFENSE

17.     Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failures to satisfy jurisdictional or administrative prerequisites and/or failure to exhaust administrative remedies.

## SIXTH DEFENSE

18.     The injury suffered in this matter by the plaintiffs are solely and exclusively the product of their own or decedent's action.

## SEVENTH DEFENSE

19.     The alleged conduct was properly within the discretionary authority committed to defendant to perform his official functions, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

## EIGHTH DEFENSE

20.     This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the federal claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over the state law claims.

**NINTH DEFENSE**

21.    Plaintiffs cannot demonstrate physical injuries which would entitle them to monetary damages pursuant to 42 U.S.C. § 1997e(e).

**TENTH DEFENSE**

22.    Plaintiffs' claims may be barred, in whole or in part, by the relevant statute of limitations and/or the doctrine of res judicata or collateral estoppel, or alternatively the court should refrain from exercising jurisdiction pursuant to the abstention doctrines set forth in the case law of the United States Supreme Court.

**ELEVENTH DEFENSE**

23.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**TWELFTH DEFENSE**

24.    Plaintiff's claims are barred, in whole or in part, because plaintiffs lack standing to maintain derivative claims under Section 1983 arising out of the death of decedent, Kevin Davis.

**WHEREFORE**,  defendant respectfully requests dismissal of the Complaint in its entirety,  together with costs and any other relief which the Court deems to be just and proper.

Dated: New York, New York

April 10, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the
 State of New York
<u>Attorney for Defendants</u>
By:


_____/s/_____
DONALD NOWVE
Assistant Attorney General
120 Broadway
New York, New York 10271
    (212) 416-8227



To: Edward W. Miller, Esq.
    <u>Attorney for Plaintiffs</u>
    575 Lexington Avenue, Suite 2840
    New York, New York    10022
    (212) 758-1625

6

**DECLARATION OF SERVICE**

DONALD NOWVE, pursuant to 28 U.S.C. § 1746, declares under perjury as follows: that on April 10, 2008   I caused to be served one copy of the annexed Answer by defendant Shyam Patil, M.D. to Complaint, upon the following person:

> Edward W. Miller, Esq.
> Attorney for Plaintiffs
> 575 Lexington Avenue, Suite 2840
> New York, New York    10022
>      (212) 758-1625

by depositing the document in a sealed, properly addressed envelope, with postage prepaid, in an official depository of the United States Postal Service within the State of New York.

Executed on April 10, 2008

> _____/s/_____
> DONALD NOWVE