

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 8/4/08

STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

August 1, 2008



RECEIVED
AUG 01 2008
CHAMBERS OF
ANDREW J. PECK

MEMO ENDORSED

Via Fax (212)805-7933
Hon. Andrew J. Peck
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Davis v Goord, et. al.
    07CV7309(AJP)

Dear Judge Peck:

    We have a copy of the letter to your Honor from plaintiff's counsel. That letter is inaccurate in its attempt to characterize defendants' discovery responses as deficient. Given the extensive delay in this matter caused by plaintiff's non-activity, and that it was defendants who called the delay to the Court's attention, plaintiff is in no position to complain concerning activity related to defendants' diligent efforts to expedite the matter.

    Plaintiff unreasonably seeks expedited response to a document demand not made until July 24, 2008, belatedly after defendants already produced voluntarily substantial discovery to plaintiff, including the contemporaneous correctional as well as physical and mental health records. The only records currently withheld are quality analysis material, created on review after decedent's demise. That material essentially repeats the contemporaneous records, adding analysis. Accordingly, plaintiff does not need the material in order to identify the factual sequences and witnesses.

    In any event, we are taking steps with the appropriate agencies to determine whether the review material can be produced and we will be getting back to plaintiff's counsel on that point shortly. This process cannot be completed overnight.

Hon. Andrew J. Peck
United States Magistrate Judge                August 1, 2008              Page Two

      We are cooperating with plaintiff's counsel in setting a deposition schedule within the remaining discovery time parameters. At the same time, we have advised counsel that plaintiff needs to be realistic about how much activity can be conducted within the remaining period. Defendants will resist being unduly burdened by plaintiff's attempted press of activity within a highly constricted time frame where the time pressure was caused by plaintiff's delay.

Respectfully submitted,

Donald Nowve
Assistant Attorney General
(212) 416-8227

c: Via Fax (718)855-1033
   Attorney Gary Rawlins

**MEMO ENDORSED** 8/4/08

1. The [time for defendant to respond to plaintiff's document request is] ext[ended]. Until [further order], any "default judgment" is not due. Plaintiff's counsel caused his own dilemma.

2. Plaintiff's deposition but due 8/6. If its [not completed] ... adjourned to [let be] supplemented (if [time] allows).

3. To extent [plaintiff's] seeks [discovery] — DENIED at this time.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

**BY FAX**

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:      (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:** August 4, 2008         **Total Number of Pages:** 3

| TO | FAX NUMBER |
|---|---|
| Donald Nowve, Esq. | 212-416-6075 |
| Gary Rawlins, Esq. | 718-855-1033 |

**MEMO ENDORSED 8/4/08**

1. The time for defendant to respond to plaintiff's document requests is 8/25. Until that time, the "quality analysis material" is not due. Plaintiff's counsel created his own dilemma.

2. Plaintiff's deposition list is due 8/6. If the quality analysis material is produced and results in additional deponents, the list can be supplemented (if time allows).

3. The request to extend the discovery deadline is **DENIED** at this time.