USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 8/8/08

Peck, Mag.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WENDY DAVIS, et al.,

                    Plaintiffs,

    - against -

GLENN S. GOORD, et. al.,
                    Defendants.
------------------------------------------------------------X

No. 07 Civ. 7309 (AJP)

**STIPULATION AND ORDER
OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED that:

1. Any and all documents concerning medical/psychological information, as well as directives or policies and procedures disclosure of which defendants deem to jeopardize the safety of the correctional facility, or other material that defendants deem privileged and confidential, *pursuant to applicable law,* that are made available to plaintiff in this action shall be stamped or otherwise designated as "Confidential" prior to production or disclosure, and shall be treated as privileged and confidential and not disclosed, except to the extent provided by this Order.

2. The parties acknowledge that the production of Confidential Information pursuant to this Order shall not waive application of any otherwise applicable statutory or common-law privilege including, without limitation, the attorney-client, deliberative process, executive or self-critical analysis privileges, either with respect to the subject matter of the Confidential Information produced or to any other document or category of documents.

3. All Confidential Information produced pursuant to F. R. Cv. Pr. 30 shall be stamped or otherwise designated "Confidential" on each page by the party producing the information prior to such production. All Confidential Information contained in deposition transcripts shall be

identified and designated as Confidential within 30 days of a party's receipt of the transcript, and such designations shall be otherwise governed by the terms of this agreement and order.

4. If plaintiff believes defendants erroneously designated a document as Confidential, that party will so notify the producing party. The parties will attempt to agree on the proper classification of the document. If the parties cannot resolve this disagreement, either party may seek relief from the Court. The parties retain the ability to redact, before production, the names of (or other information tending to identify) persons who are minors are whose identities due to confidentiality concerns must be withheld. Such redactions may be challenged in Court.

5. Inadvertent failure to designate a document as Confidential may be corrected by supplemental written notice, and a supplemental production, each given as soon as practicable.

6. If the classification of a document changes, the producing party shall reproduce the document with stamping appropriate to its new status, without cost to the other party.

7. Access to Confidential Information shall be limited to:

    (a) The parties;

    (b) Counsel for the parties;

    (c) In house counsel employed by the New York State Department of Correctional Services ("DOCS") and the New York State Office of Mental Health ("OMH");

    (d) Employees of the respective counsel who have direct functional responsibility for the preparation or trial of this action, or any appeal, or any proceeding to enforce any order of the court;

    (e) Independent contractors retained by counsel to assist in the litigation of this action, including but not limited to expert witnesses and expert consultants;

(f) Employees of DOCS and/or OMH, to the extent that they would receive the Confidential Information in the ordinary course of their employment;

(g) court reporters, to the extent deemed necessary for the conduct of this litigation by the respective counsel for plaintiff or defendants;

(h) witnesses and potential witnesses;

(i) the Court [and its employees]

8. Any person who is given access to Confidential Information produced pursuant to this Order shall be advised of and become subject to the provisions of this Order. Any person, with the exception of those identified in paragraph 7(a), (b), (c), (d), (f), (g) and (i) of this Order, to receive Confidential Information shall, prior thereto, be provided with a copy of this Order and shall execute the annexed Certification.

9. Confidential information produced pursuant to the terms of this Order shall be used solely for the purposes of this action and solely to the extent necessary for the litigation of this action. Following conclusion of this action, confidential information shall be returned or destroyed by the party receiving same from another party, unless the Court otherwise provides. The party returning or discarding confidential information pursuant to this paragraph shall provide to the adverse party, within thirty days of conclusion of the action, a certification signed by counsel confirming such return or discarding of confidential information.

10. No person receiving Confidential Information pursuant to this Order shall disclose or discuss such Confidential Information in any manner or form, written or oral, to or with any person who is not entitled to receive such information pursuant to this Order.

3

11. The Confidential Material shall not be disclosed in open court without first affording counsel for DOCS an opportunity to contest disclosure and/or admissibility of the Confidential Information.

12. In the event that plaintiff's counsel intends to file in the Court any papers that attach or enclose documents containing Confidential Material produced pursuant to this Stipulation and Order or that contain Confidential Material obtained from such documents, including deposition transcripts, they shall serve notice of such intention upon defendant's counsel, identifying by Bates numbers the documents to be filed, not less than ten (10) business days prior to the filing thereof, to give defendant the opportunity to request or move the Court to direct that such documents be filed under seal.

13. When filing court papers under seal, such papers or documents shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains confidential materials. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

*[handwritten annotation, initialed AJP: REDACTED COPIES OF COURT PAPERS SHALL BE PUBLICLY FILED.]*

14. Parties may not refer to Confidential Information in papers filed in Court unless the papers are filed under seal pursuant to paragraph 13.

15. Pursuant to the Standing Order (M-10-468) of then Chief Judge Mukasey dated October 5, 2001:

> Sealed records which have been filed with the clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the clerk that should

4

they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them.

16. Nothing herein shall be deemed to waive any applicable privilege. Nor does any party waive its ability to request in camera review by the Court of confidential or sensitive information before production of such information to an adverse party is required.

17. At the conclusion of this action, respective counsel shall destroy all copies of documents and deposition testimony in counsel's possession containing Confidential Information, or which reflects or includes information derived from documents or testimony designated as confidential, which was produced to them by the opposing side in this matter.

18. The parties may execute this Stipulation and Order in counterparts.

Dated:          , 2008

                                       Gary N. Rawlins
                                       Attorney for Plaintiffs
                                       80 Broad Street, 5th Floor
                                       New York, NY 10004
                                       (877) 845-3604

Dated: Aug 5, 2008

                                       Andrew M. Cuomo
                                       Attorney General of the
                                       State of New York
                                       Counsel for Defendants

                                       By: _____
                                       Donald Nowve
                                       Assistant Attorney General
                                       120 Broadway
                                       New York, New York 10271
                                       (212) 416-8227

they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them.

16. Nothing herein shall be deemed to waive any applicable privilege. Nor does any party waive its ability to request in camera review by the Court of confidential or sensitive information before production of such information to an adverse party is required.

17. At the conclusion of this action, respective counsel shall destroy all copies of documents and deposition testimony in counsel's possession containing Confidential Information, or which reflects or includes information derived from documents or testimony designated as confidential, which was produced to them by the opposing side in this matter.

18. The parties may execute this Stipulation and Order in counterparts.

Dated: August 1, 2008

Gary N. Rawlins
Attorney for Plaintiffs
80 Broad Street, 5th Floor
New York, NY 10004
(877) 845-3604

Dated: Aug 5, 2008

Andrew M. Cuomo
Attorney General of the
State of New York
Counsel for Defendants

By: _____
Donald Nowve
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8227

SO ORDERED:

_____ 8/8/08
Hon. Andrew Jay Peck
United States Magistrate Judge

**BY FAX**

SO ORDERED:

Dated: New York, New York
August    , 2008

HON. ANDREW J. PECK<br>
United States Magistrate Judge

6

P.07                                                                    NYS       AUG-05-2008  14:05   SAN

## CERTIFICATION

I certify my understanding that confidential information is being provided to me pursuant to the terms and restrictions of the Protective Order, dated      , 2008 in the case entitled Wendy Davis, et al. v. Glenn S. Goord, et al., 07 Civ. 7309 (AJP), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Order and agreed to be bound by it.

I understand that all provisions of the Order restricting the communication or use of confidential information, including but not limited to any notes or other transcripts made therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: 8/06, 2008

[signature]

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:  (212) 805-7933
Telephone No.:  (212) 805-0036

Dated: __August 8, 2008__  Total Number of Pages: __9__

| TO | FAX NUMBER |
|---|---|
| Gary Rawlins, Esq. | 718-855-1033 |
| Donald Nowve, Esq. | 212-416-6075 |

## TRANSCRIPTION:

[Insert to ¶ 1, line 3]:   . . . pursuant to applicable case law,

[Insert to ¶ 7(i)]:    (i)the court (and its employees)

[Addition to ¶ 13]:    Redacted copies of court papers shall be publicly filed.